**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**EDWARD KEITH DEMBRY,**

    Petitioner,

    v.                                                **CASE NO. 20-3043-JWL**

**DON HUDSON, Warden,
USP-Leavenworth,**

    Respondent.

**MEMORANDUM AND ORDER**

This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner is in federal custody at USP-Leavenworth. The Court has screened his Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and dismisses this action without prejudice for lack of statutory jurisdiction.

Petitioner was convicted by jury of being a felon in possession of ammunition and was sentenced to a 265-month term of imprisonment in the United States District Court for the Southern District of Iowa on November 5, 2007. *United States v. Dembry*, Case No. 06-cr-00587-JAJ, Doc. 89 (S.D. Iowa). Petitioner appealed, and Eighth Circuit Court of Appeals affirmed. *Id*. at Doc. 98; *United States v. Dembry*, 535 F.3d 798 (8th Cir. 2008).

Petitioner filed a § 2255 motion, which was denied. *Dembry v. United States*, Case No. 09-cv-000358-JAJ, Docs. 3, 4 (S.D. Iowa). The Eighth Circuit denied a Certificate of Appealability, and the Supreme Court denied Petitioner's writ of certiorari. *Id*. at Docs. 15, 18. Petitioner filed a Rule 60(b) motion in the Sentencing Court, which was denied as an unauthorized second or successive § 2255 motion. *Id*. at Doc. 21. On February 1, 2013, Petitioner filed a Motion for Audita Querela, which was construed as a § 2255 motion and dismissed. *See Dembry v. United States*, Case No. 13-cv-00050-JAJ, Docs. 2, 3. The Eighth Circuit denied a Certificate

of Appealability. *Id*. at Doc. 15. Petitioner filed another § 2255 motion which was dismissed. *See Dembry v. United States*, No. 14-cv-00183-JAJ, Doc. 2 (S.D. Iowa). The Eighth Circuit denied a Certificate of Appealability. *Id*. at Doc. 9. In May 2016, Petitioner was authorized to file a successive § 2255 motion, which was ultimately dismissed. *See Dembry v. United States*, No. 16-cv-00231-JAJ (S.D. Iowa); No. 17-2849 (8th Cir. 2019) (affirming dismissal of § 2255 motion). Petitioner has also filed petitions under § 2241 in the Southern District of Indiana (*Dembry v. United States*, No. 11-cv-00210WTL-WGH (S.D. Ind.)) and the Western District of Pennsylvania (*Dembry v. Trate*, No. 19-cv-00038-SPB-RAL (W.D. Pa)).

On August 26, 2019, Petitioner's filed a § 2241 Petition in this Court, challenging the validity of his sentence as imposed. *Dembry v. English*, Case No. 19-3162-JWL (D. Kan.). Petitioner claimed actual innocence based on a new decision narrowing the felon-in-possession statute, citing *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *Id*. at Doc. 4, at 1. Petitioner invoked the savings clause in § 2255(e), alleging that the remedy under § 2255 is inadequate or ineffective to challenge his conviction or sentence because his prior motion resulted in a denial of relief based on "oversight, neglect, and reluctance to provide factual material." *Id*. at Doc. 4, at 8.

On September 23, 2019, this Court dismissed the petition in Case No. 19-3162 for lack of statutory jurisdiction, finding that Petitioner failed to meet his burden to show that the remedy under § 2255 was inadequate or ineffective. *Id*. at Doc. 5. The Court held that this Court was bound by Tenth Circuit precedent addressing the question of "whether a new Supreme Court decision interpreting a statute that may undo a prisoner's conviction renders the prisoner's initial § 2255 motion 'inadequate or ineffective.'" *Haskell v. Daniels*, 510 F. App'x 742, 744 (10th Cir. 2013) (unpublished). The Tenth Circuit answered the question in the negative in *Prost*, holding that if "a petitioner's argument challenging the legality of his detention could have been tested in

an initial § 2255 motion[,] . . . then the petitioner may not resort to . . . § 2241." *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). The Court held that nothing about the procedure of Petitioner's prior § 2255 motions prevented him from making this same argument despite his claim that the Supreme Court decision he seeks to rely on was not in existence.

The Court also held that although other circuits "have adopted somewhat disparate savings clause tests, most requir[ing] a showing of 'actual innocence' before a petitioner can proceed under § 2241. . . . Under the *Prost* framework, a showing of actual innocence is irrelevant." *Abernathy v. Wandes*, 713 F.3d 538, at n.7 (10th Cir. 2013), *cert. denied* 134 S. Ct. 1874 (2014) (citations omitted); *see also Sandlain v. English*, 2017 WL 4479370, at *4 (10th Cir. Oct. 5, 2017) (unpublished) (finding that petitioner's claim that § 2255 is inadequate or ineffective because he is actually innocent of the career offender enhancement under *Mathis*, merely restates the argument he could have brought in his initial § 2255 motion, and possible misuse of a prior conviction as a predicate offense under the sentencing guidelines does not demonstrate actual innocence); *see also Brown v. Berkebile*, 572 F. App'x 605, 608–09 (10th Cir. 2014) (unpublished) (rejecting argument that petitioner is actually innocent and that the court's failure to follow the other circuits in *Prost* violated the Supreme Court's "fundamental miscarriage of justice" exception).

On October 3, 2019, Petitioner appealed this Court's decision in Case No. 19-3162. On December 11, 2019, after a de novo review, the Tenth Circuit issued an Order and Judgment affirming this Court's dismissal of Petitioner's petition for lack of statutory jurisdiction. *Dembry v. Hudson*, No. 19-3224, 2019 WL 6724427 (10th Cir. Dec. 11, 2019).

On January 29, 2020, Petitioner filed the instant petition under § 2241, raising the same claims he raised in Case No. 19-3162, and arguing that Tenth Circuit law does not apply to his

case.[1]  Petitioner's current petition is repetitive, frivolous, and should be dismissed for the reasons set forth in this Court's September 23, 2019 Memorandum and Order dismissing his petition in Case No. 19-3162, and the Tenth Circuit's December 11, 2019 Order and Judgment affirming that decision.  *See also Lewis v. English*, 736 F. App'x 749, 752 (10th Cir. June 5, 2018), *cert. denied* 139 S. Ct. 1318 (2019) (unpublished) (noting circuit split over savings clause's application and finding that it cannot revisit its decision in *Prost* absent intervening Supreme Court precedent or en banc review) (citation omitted).

The petitioner has the burden to show that the remedy under §2255 is inadequate or ineffective.  *Hale v. Fox*, 829 F.3d 1162, 1179 (10th Cir. 2016), *cert. denied sub nom. Hale v. Julian*, 137 S. Ct. 641 (2017).  Petitioner has failed to meet that burden.  The Court finds that the savings clause of § 2255(e) does not apply and therefore the Court lacks statutory jurisdiction. Accordingly,

**IT IS THEREFORE ORDERED BY THE COURT** that the petition is **dismissed without prejudice**.

**IT IS SO ORDERED**.

**Dated February 7, 2020, in Kansas City, Kansas.**

S/   John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court need not address what law would apply to the merits of Petitioner's challenge to his conviction or sentence under § 2241, because the Court finds that it lacks statutory jurisdiction to consider the petition.  The Court must first determine whether § 2241 was the proper vehicle to bring Petitioner's claims.  Because "that issue impacts the court's statutory jurisdiction, it is a threshold matter."  *Sandlain*, 2017 WL 4479370 (finding that whether *Mathis* is retroactive goes to the merits and the court must first decide whether § 2241 is the proper vehicle to bring the claim) (citing *Abernathy*, 713 F.3d at 557).