**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

EDWARD KEITH DEMBRY,

    Petitioner,

v.                                            CASE NO. 20-3043-JWL

DON HUDSON, Warden,
USP-Leavenworth,

    Respondent.

**ORDER**

This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner is in federal custody at USP-Leavenworth. On February 7, 2020, the Court dismissed the petition. (Docs. 2, 3). On February 18, 2020, Petitioner filed a Notice of Appeal. (Doc. 4.)

Petitioner seeks leave to appeal in forma pauperis and requests the appointment of counsel (Doc. 5). The motion alleges insufficient funds to pay the appellate filing fee. The Court will grant Petitioner's request to appeal in forma pauperis.

Petitioner's request for appointment of counsel is denied. Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the discretion of the court. *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). A court may appoint counsel for a § 2241 petitioner if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Where an evidentiary hearing is not warranted, appointment of counsel is not required. *See Engberg v. Wyo.*, 265 F.3d 1109, 1122 n.10 (10th Cir. 2001) (affirming denial of appointed counsel for habeas petitioner where no evidentiary hearing was necessary); *see also* Rules Governing § 2254 Cases, Rule 8(c), 28 U.S.C.A. foll. 2254 ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party

who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

Considering Petitioner's claims, his ability to present his claims, and the complexity of the legal issues involved, the Court finds appointment of counsel in this matter is not warranted. *See Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) ("In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."). Petitioner's motion is denied. Petitioner may seek appointment of counsel before the Tenth Circuit.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's request for leave to appeal in forma pauperis and request for the appointment of counsel (Doc. 5) is **granted in part and denied in part.** Petitioner's request for leave to appeal in forma pauperis is **granted.** Petitioner's request for appointment of counsel is **denied**.

Copies of this order shall be transmitted to Petitioner and to the Clerk of the U.S. Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED**.

**Dated February 19, 2020, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**